UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLEN B. GARDNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:10-cv-0221-DML-JMS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

# Entry on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt. 33) by plaintiff Ellen B. Gardner for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration. Ms. Gardner seeks an award of $6,652.48.

The court remanded this case to allow the ALJ to consider 2008-2009 podiatry treatment medical records that were not part of the record before the ALJ, but were first submitted to the Appeals Council. The court found that had these records been before the ALJ, the ALJ may have evaluated differently Ms. Gardner's ability to perform work requiring standing and walking for six hours of an eight-hour workday. The court did not disturb the ALJ's analysis with respect to any matter that was part of the record he had.

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses unless the court finds that the United States' position was

substantially justified or special circumstances make an award not just. The party's motion to recover her fees must be timely. 28 U.S.C. § 2412(d)(1)(B).

The Commissioner opposes Ms. Gardner's fee request on the ground that the Commissioner's position was substantially justified, an issue for which the Commissioner bears the burden of proof. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one determination as to the entire civil action. *Id.; Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce,* 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground for denying benefits." *See Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

The Commissioner has met his burden. The court's remand was solely to allow the ALJ to reconsider his decision based on evidence he never had. On every other issue raised by Ms. Gardner, the court ruled in favor of the Commissioner, including affirming the denial of Title II disability benefits. As the Seventh Circuit has explained, in these circumstances, the court cannot fault the ALJ or find that the ALJ committed reversible error. *Eads v. Secretary of Dep't of Health and Human Services,* 983 F.2d 815, 817-18 (7th Cir. 1993) (court "may not reverse" ALJ's decision based on evidence first submitted to the Appeals Council, but court can require

the ALJ to reconsider his decision if the medical evidence first submitted to the Appeals Council is "new and material"). As the Commissioner points out, the court was lenient to Ms. Gardner, granting her a sentence six remand for consideration of additional evidence without requiring her to explain why the evidence had not been submitted to the ALJ and to demonstrate that there was good cause, under 42 U.S.C. § 405(g) for "the failure to incorporate such evidence into the record in a prior proceeding." *See Waite v. Bowen,* 819 F.2d 1356, 1361 (7th Cir. 1987) (proponent of remand under sentence six of 42 U.S.C. § 405(g) bears burden to prove that there is new, material evidence and good cause for failing to incorporate the evidence in the prior proceeding).

The Commissioner's position in this case had reasonable factual and legal bases, *Pierce,* 487 U.S. at 565. It was, therefore, substantially justified.

## **Conclusion**

For the foregoing reasons, Ms. Gardner's motion (Dkt. 33) for an award of attorneys' fees under the EAJA is DENIED.

So ORDERED.

Date: 06/22/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net